IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY CLAYTON, JR.,

    PLAINTIFF,

VS.                                                                               CV NO.:

ROCO REAL ESTATE LLC.,

    DEFENDANT.                                             JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

    1.    This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, and 42 U.S.C. § 12101 *et seq*. This is a suit authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (ADA). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

    2.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, Johnny Clayton, (hereinafter "Plaintiff") is a resident of Bessemer, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant RoCo Real Estate LLC (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq.* Defendant employed at least fifteen (15) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Plaintiff has suffered from a speech impediment since he was a child, such that he generally has a more difficult time speaking as compared to other members of the general population.

7. Plaintiff commenced his employment with Defendant on or about December 16, 2019.

8. Defendant employed Plaintiff as a maintenance technician.

9. Defendant employed Francisco Dusovic as the property manager with supervision over Plaintiff's assigned worksite in Birmingham, Alabama.

10. On September 25, 2020, Plaintiff and the other maintenance technician were waiting on the supervisor to divide up the work orders for the day.

11. Dusovic issued Plaintiff a disciplinary write-up for not starting the work immediately, yet he did not issue a disciplinary write-up to the fellow maintenance technician that was standing next to Plaintiff.

12. Defendant employed Elizabeth Marin.

13. Defendant employed Marin as a Human Resources employee.

14. On September 28, 2020, Plaintiff telephoned Defendant's Human Resources Office in Michigan.

15. Plaintiff spoke with Marin.

16. During Plaintiff's telephone call with Marin, Plaintiff complained about Dusovic's decision to issue Plaintiff a discriminatory disciplinary write-up and that Dusovic mocked Plaintiff's speech impediment.

17. Plaintiff reported to Marin that Dusovic mocked him repeatedly by asking "do you speak English?"

18. Following this telephone call, Dusovic assigned Plaintiff excessive tasks to complete in an unrealistic time frame.

19. Defendant terminated Plaintiff's employment on October 23, 2020.

20. Dusovic stated Defendant terminated Plaintiff's employment due to a lack of maintenance experience.

21. Plaintiff has seven years of previous experience working on maintenance for various apartments and other facilities.

22. Defendant's alleged reason for termination is not true. Plaintiff was the only maintenance technician working on HVAC units and Plaintiff completed all the assigned labor for the units that were due for a "move-in."

23. The only task Plaintiff did not complete was related to the apartment complex's swimming pool.

24. Plaintiff is not certified to work on or with the chemicals necessary to clean the pool.

25. Defendant was aware of Plaintiff's lack of certification at the time it hired him.

### IV. COUNT ONE - Americans with Disabilities Act - Termination

26. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Plaintiff suffers from the physical and/or sensory impairment of stammering and/or stuttering.

28. Plaintiff's stammering and/or stuttering affects him such that the major life activities of speaking and communicating is significantly restricted as compared to the average person in the general population.

29. Plaintiff has suffered from stammering and/or stuttering since he was an elementary school student in the late 80's and early 90's.

30. Alternatively, even if Plaintiff's stammering and/or stuttering does not meet the definition of a disability as defined by 42 U.S.C. § 12102(1)(A), Defendant regarded Plaintiff as disabled as defined by 42 U.S.C. §12102(1)(C).

31. Defendant employed Plaintiff as a maintenance technician.

32. In his position as a maintenance technician, Plaintiff engaged in preventative and remedial maintenance of the apartment units made part of Defendant's managed property, including repairing and replacing faulty equipment, heating and cooling repairs, plumbing, and other tasks necessary to maintain the apartment units and its common areas.

33. Plaintiff was qualified for the position of maintenance technician with or without a reasonable accommodation necessary for his stammering and/or stuttering.

34. Defendant terminated Plaintiff's employment on October 23, 2020.

35. Defendant was substantially motivated by Plaintiff's disability and/or perceived disability when it decided to terminate Plaintiff's employment.

36. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V. COUNT TWO – Americans with Disabilities Act - Retaliation

37. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 36 above as if fully set forth herein.

38. On September 28, 2020, Plaintiff telephoned Defendant's Human Resources Office in Michigan.

39. Plaintiff spoke with Marin.

40. During Plaintiff's telephone call with Marin, Plaintiff complained about Dusovic's decision to issue Plaintiff a discriminatory disciplinary write-up and that Dusovic mocked Plaintiff's speech impediment.

41. Plaintiff reported to Marin that Dusovic mocked him repeatedly by asking "do you speak English?"

42. Following this telephone call, Dusovic assigned Plaintiff excessive tasks to complete in an unrealistic time frame.

43. Defendant terminated Plaintiff's employment on October 23, 2020.

44. Dusovic stated Plaintiff was terminated for a lack of maintenance experience.

45. Plaintiff has seven years of previous experience working on maintenance for various apartments and other facilities.

46. Defendant's alleged reason for termination is not true. Plaintiff was the only maintenance technician working on HVAC units and Plaintiff completed all the assigned labor for the units that were due for a "move-in."

47. The only task Plaintiff did not complete was related to the apartment complex's swimming pool.

48. Plaintiff is not certified to work on or with the chemicals necessary to clean the pool.

49. Defendant was aware of Plaintiff's lack of certification at the time it hired him.

50. But for Plaintiff's telephone call to Defendant's Human Resources office, Defendant would not have terminated Plaintiff's employment.

51. As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the

Defendant and at the Defendant's request from continuing to violate the terms of the Americans with Disabilities Act;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award Plaintiff back pay, together with employment benefits, front pay, compensatory damages; punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 12101 *et seq.* that the actions of Defendant violated the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Birmingham, AL 35223
T: (205) 252-1550
ada@allenarnoldlaw.com

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**

RoCo Real Estate LLC
c/o Cogency Global Inc
2 North Jackson Street, Suite 605
Montgomery, AL 36104